IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| AUTAUGA QUALITY COTTON ASSOCIATION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 7:15-cv-121 (WLS) |
| TIM L. CROSBY *et al.*, | : : | |
| Defendants. | : : | |

## ORDER

Before the Court is Defendants' Motion to Amend their Answer and Defenses. (Doc. 33.) The Plaintiff filed a response (Doc. 36), and Defendants replied (Doc. 37). The Court finds that the Motion is now ripe for review.

## PROCEDURAL HISTORY

The above-styled case was originally filed on August 19, 2014 in the United States District Court for the Middle District of Alabama. On June 30, 2015, the Middle District of Alabama transferred the case to this Court. (Doc. 2-9 at 2.) On July 17, 2015, Plaintiff filed an amended complaint with leave from the Court. (Doc. 11.) On August 14, 2015, the Defendants answered. (Doc. 20.) On February 24, 2016, with consent of the Defendants and prior to the February 26, 2016 deadline set forth in the Court's Scheduling and Discovery Order (Doc. 23), Plaintiff filed a second amended complaint. (Doc. 28.) On February 26, 2016, the Court stayed discovery to allow the Parties to attempt to mediate this case. (Doc. 30.) On June 30, 2016, the Court lifted the discovery stay and granted a motion for extension of time to complete discovery, ordering that discovery be completed by August 19, 2016 and that dispositive motions be filed by October 3, 2016. (Doc. 32.) In their Motion to Extend Discovery, the Parties did not request an extension of the deadline to amend pleadings. (*See* Doc. 31.) On July 13, 2016, Defendants filed the presently pending Motion to Amend their

Answer and Defenses. (Doc. 33.) Defendants have not yet filed an answer to Plaintiff's Second Amended Complaint. (Doc. 33 at 2; *see* Docket.)

## DISCUSSION

I. **Deadline to Answer Complaint**

Federal Rule of Civil Procedure 12(a)(1)(A) requires a party to answer a complaint within twenty-one days after being served with the summons and complaint or within sixty days if the party has waived service under Rule 4(d). There is no indication here that the Defendants have waived service under Rule 4(d); thus, the deadline for answering Plaintiff's Second Amended Complaint was Wednesday, March 16, 2016. Even if Defendants waived service, the sixty-day deadline has also elapsed. Typically, when a party fails to answer a complaint, even an amended complaint, the opposing party moves for entry of default. *See, e.g.*, *Iguana, LLC v. Lanham*, No. 7:08-cv-09, 2009 WL 1620839 at *1 (M.D. Ga. June 9, 2009).

Here, however, the Plaintiff has not moved for entry of default. Instead, Plaintiff opposes Defendants' Motion to Amend their Answer. (Doc. 36; *see* Docket.) However, the Court finds that Defendants cannot seek leave to amend an answer they never filed. Rather, Defendants must answer in the first instance the Second Amended Complaint but must first seek leave from the Court to do so since the deadline to answer has expired. The Court, therefore, construes Defendants' Motion (Doc. 33) as a Motion for Leave to File an Untimely Answer rather than a Motion to Amend their Answer and Defenses.

II. **Motion for Leave to File Untimely Answer**

Under Federal Rule of Civil Procedure 6(b), a court may extend a deadline prescribed by the Federal Rules after the deadline has expired for good cause and if the party "failed to act because of excusable neglect." In determining whether a party has failed to act because of excusable neglect, a court should take into "account all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391, 395 (1993) (discussing "excusable neglect" in the context of Fed. R. Bankr. P. 9006(b) and noting that the rule was patterned after Fed. R. Civ. P. 6(b)). These circumstances "include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

2

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." [1] *Id.*[2]

First, Defendants admit that though they have diligently pursued discovery in this case, their failure to seek leave to amend their answer was due to defense counsel's oversight and poor recollection of their previous answers. (Doc. 37 at 1-2.) This does not quite explain Defendants' complete failure to answer the Second Amended Complaint. Nevertheless, the Court notes that all Parties in this case have diligently pursued discovery without having to involve the Court in any disputes and even attempted to resolve this matter through mediation. The Court finds that Defendants have acted in good faith.

Next, Defendants argue that there will be no prejudice to Plaintiff by allowing Defendants to file an untimely answer because the discovery period has not yet closed, Plaintiff has been aware of Defendants' positions regarding the portions of their previous answer they seek to change, and Defendants' additional language regarding its affirmative defenses merely expands and clarifies defenses it has already raised. (Doc. 37 at 4-11.) Notably, Plaintiff did not argue that it would suffer prejudice as a result of Defendants' belated answer. (*See* Doc. 36.) The Court agrees that Plaintiff has time remaining during the discovery period to investigate any new defenses or assertions, to the extent there are any, raised in Defendants' answer to its Second Amended Complaint and will not therefore be prejudiced.

Finally, Defendants argue that an amended answer, or, really, an untimely answer, will not unduly delay the proceedings. Defendants note that originally the deadline for amending the pleadings was set for a month before the close of discovery. (Docs. 37 at 3; 23 at 2.) However, due to the Parties' oversight, whether intentional or not, the deadline to amend pleadings was not continued with the other remaining discovery deadlines when the Court granted an extension of discovery on June 30, 2016. (Docs. 29, 32.) Nevertheless, the Court finds it noteworthy that Defendants moved to amend their pleadings, even if doing so was procedurally incorrect, more than a month before the close of discovery, in accordance with

---

[1] The Court notes that even though the Parties briefed this Motion as a Motion for Leave to Amend, the factors they discussed are also relevant to the excusable neglect analysis for motions for leave to file an untimely pleading.

[2] The Court finds no reason why the Supreme Court's excusable neglect analysis in the Fed. R. Bankr. P. 9006(b) should not apply to the very similar Fed. R. Civ. P. 6(b), upon which it was patterned.

3

the spirit of the original Scheduling and Discovery Order. The Court again notes that discovery has not yet closed, and that Plaintiff should have sufficient time to investigate any new defenses or assertions, if there are any, raised in Defendants' answer without having to seek another discovery extension. The Court finds that allowing the Defendants to file an untimely answer will not result in undue delay of the proceedings.

The Court finds that Defendants' failure to answer the Second Amended Complaint was due to excusable neglect. The Court finds that the Defendants' have shown good cause for allowing them to file an untimely answer and that there is no evidence that an untimely answer will unduly delay the proceedings or prejudice the Plaintiff.

## CONCLUSION

For those reasons, the Court finds that Defendants' failure to answer the Second Amended Complaint was due to excusable neglect and that they have shown good cause for being allowed to file an untimely answer. The Court therefore **GRANTS** Defendants' Motion (Doc. 33) to the extent it is more properly construed as a Motion for Leave to File an Untimely Answer. Defendants are **ORDERED** to file their Answer to the Second Amended Complaint immediately upon entry of this Order.

**SO ORDERED**, this 2nd day of August, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**